The judgment of the United States Customs Court is *reversed*.

UNITED STATES *v.* A. MOSCINI (No. 3457)[1]

United States Court of Customs and Patent Appeals, November 2, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Daniel P. McDonald* and *Ralph Folks*, special attorneys, of counsel), for the United States.

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument October 13, 1931, by Mr. Folks and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Certain imitation semiprecious stones, imported at the port of New York, were classified by the collector of customs for duty as

T. D. 45261.

imitation semiprecious stones, not faceted, and assessed for duty at 60 per centum ad valorem under paragraph 1429 of the Tariff Act of 1922.

The importer protested the classification and claimed the same dutiable under a number of paragraphs of the tariff act, but in the court below and here relies upon his claim that the goods are dutiable as imitation semiprecious stones, faceted, at 20 per centum ad valorem under said paragraph 1429. We have below italicized the competing portions of the paragraph involved:

PAR. 1429. Diamonds and other precious stones, rough or uncut, and not advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, whether in their natural form or broken, any of the foregoing not set, and diamond dust, 10 per centum ad valorem; pearls and parts thereof, drilled or undrilled, but not set or strung, 20 per centum ad valorem; diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, 20 per centum ad valorem; imitation precious stones, cut or faceted, *imitation semiprecious stones, faceted,* imitation half pearls and hollow or filled pearls of all shapes, without hole or with hole partly through only, *20 per centum ad valorem;* imitation precious stones, not cut or faceted, *imitation semiprecious stones, not faceted,* imitation jet buttons, cut, polished or faceted, and imitation solid pearls wholly or partly pierced, mounted or unmounted, *60 per centum ad valorem.*

The sole issue in the case is whether the imitation stones are faceted or not faceted.

Exhibit 1 represents the merchandise and consists of a small rectangular piece of dark-colored, opaque glass, nine-sixteenths of an inch long, three-eighths of an inch wide, by one-eighth of an inch thick, upon which is attached a small white figure representing a woman's head. The article is an imitation cameo. The narrow ends of the stone are curved, while the sides are straight. On the ends and sides there is a slanting cut of less than 90 degrees which reaches from the top to the bottom of the stone and slopes outwardly from the flat top of the same. It is this sloping cut which the importer claims is a facet and which the Government claims is not a facet but is a bevel.

The following are some of the dictionary definitions of the word "facet" and the word "bevel":

Oxford Dictionary—

Facet—a little face.

1. One of the sides of a body that has numerous faces; orig. one of the small cut and polished faces of a diamond or other gem, but subsequently extended to a similar face in any natural or artificial body.

Bevel—Sub. 2. A slope from the right angle, an obtuse angle; a slope from the horizontal or vertical; a surface or part so sloping. In the mechanical arts, the defined slope or curve to which timber, etc., must be cut.

146

Century Dictionary and Cyclopædia—

Facet—1. A little face; a small surface; specifically, in lapidary work, a small polished surface, usually of some geometrical form; one of the many variously shaped segments or faces into which the surface of a gem is broken in order to increase its brilliance.

Bevel—n. The obliquity of inclination of a particular surface of a solid body to another surface of the same body; the angle contained by two adjacent sides of anything, as of a timber used in shipbuilding.

Webster's New International Dictionary—

Facet, n. 1. A little face; one of a set of small plane surfaces; orig. and esp., one of the small cut and polished plane surfaces of a diamond or other precious stone.

Bevel. 1. The angle which one surface or line makes with another when they are not at right angles; the slant or inclination of such surface or line.

Funk & Wagnalls New Standard Dictionary—

Facet. One of the small triangular plane surfaces of a diamond or other gem, cut by a lapidary to increase the brilliancy.

Bevel. 1. Any inclination of two surfaces other than 90°, as at the edge of a timber, tool, etc.

Eight witnesses testified for the Government and seven for the importer. The purpose of the testimony introduced by the importer was to prove that the stone at bar was faceted, while the testimony of the Government was intended to show that the stone was not faceted, and the Government, by some of its witnesses, made the attempt to prove this fact by commercial testimony. In reference to the commercial proof the Government in its brief states, however, that there is absolutely no competent evidence in the two records (the record in protest 369996–G having been incorporated) proving that the word "faceted" has a commercial meaning differing from its common meaning.

Without discussing the evidence in detail, it is sufficient to say that under well-settled rules with reference to commercial meaning, the record before us does not show a commercial meaning of the term differing from a common meaning, nor is the evidence as a whole sufficient to show that in the trade there was any uniform meaning attached to the words "faceted" and "beveled." The witnesses for the importer gave conflicting testimony and on cross-examination frequently changed their testimony in such a way as to destroy the force of it. The same may be said in a general way with reference to the testimony of the Government.

After reading the record carefully, we find that the testimony as a whole is of very little assistance to us in arriving at the meaning of the word "faceted," as used in the competing portions of the paragraph. Indeed, the testimony would seem to confuse the issue more than to clarify it.

It is well-settled law in customs jurisprudence that the courts, in determining the common meaning of a term, may accept or reject evidence of such meaning and may, as an aid, consult the dictionaries, lexicons, and written authorities as to such common meaning. In *United States* v. *Flory & Co.*, 15 Ct. Cust. Appls. 156, 159, T. D. 42219, this court said.

It must be borne in mind that the courts have uniformly held that while evidence may be received by the court as to the common meaning of a term and as to the name to be applied to a given article, in the common acceptance, if the subject matter covered by the testimony is a matter of judicial knowledge, the court is not obligated to accept it, but may consult the dictionaries, lexicons, and other authorities, and also draw upon its own knowledge of matters within the common understanding.

From the above-quoted dictionary definitions it is obvious that it is hard to draw the line in some instances between bevels and facets, made by a lapidary on a stone. We think it is shown in this case, not only by the testimony but by the exhibits introduced, that the cut in controversy is used primarily to aid in mounting the stone and is so designed as to obviate the necessity of requiring the mounting to cover a portion of the top of the stone.

It may be pointed out that some of the bevel of the stone at bar is in view above the setting, and that the light shining on this bevel will be somewhat reflected. Whether the reflection of light on an opaque stone, as in this instance, may "increase the brilliancy" of the stone, as is suggested in the dictionary definitions of "facet," we do not feel that we are called upon to decide, since we feel sure that any such reflection of light in this case is from a bevel which primarily performs a function not intended for facets. On this phase of the case it would seem to be sufficient to observe that if the edge of the stone at bar was at right angles to the top flat surface, it could hardly be called a bevel or a facet, and yet it would reflect light which chanced to strike the vertical side above the mounting.

Facet means face and in the common understanding is a face cut upon stones for the purpose of increasing their brilliancy. Ordinarily the brilliancy of transparent or translucent stones is increased by the light which shines through the stone, and such stone facets are, ordinarily, placed in such relation to each other as to reflect light from one to the other. See article on lapidary and gem cutting, 13 Encyclopædia Britannica (1929) 715.

It is true that bevels and facets are cuts, in a broad sense, and a facet may have some of the characteristics of a bevel, but it seems to us that "facet" is a narrower term than either "cut" or "bevel," carrying with it the idea that it must be on the face of the stone for the purpose of increasing the brilliancy of the same. Facets also are used for the same purpose when placed on the portion of the stone which sits below the mounting. It will be noticed that the paragraph

provides elsewhere for "imitation precious stones not cut or faceted," and then follows "imitation semiprecious stones, not faceted," which is immediately followed by the phrase "imitation jet buttons, cut, polished, or faceted." Congress has distinguished between cutting and faceting, and while faceting may be a form of cutting in some instances, we think "facet," as used in this paragraph, carries with it a narrower meaning than was meant to be given to the term "cut."

It must be remembered that the collector found the stones at bar were not faceted, which finding is presumed to be correct. The proof in this record does not show such finding to be incorrect and does not overcome the presumption of its correctness.

We conclude that Exhibit 1 must be regarded as not faceted within the meaning of the paragraph. The court below sustained the protest as to Exhibit 1 and overruled it in all other respects. The protest should have been overruled in its entirety, and the judgment of the United States Customs Court is *modified* accordingly—*reversed* as to Exhibit 1 and *affirmed* in all other particulars.